U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

JUN 18 2012

TONY R. M[...], CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NOS. 06-50007 |
| versus | and 07-50082 |
| ENRIQUE GURROLA | JUDGE TOM STAGG |

Before the court is a motion filed by Enrique Gurrola ("Gurrola") pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside or correct his sentence. See Record Document 131.[1] Based on the following, Gurrola's motion is **DENIED**.

## I. BACKGROUND

### A. Factual Background.

The factual basis presented during the guilty plea hearing and the presentence report indicate that on November 26, 2005, Gurrola was traveling east on Interstate 20 near Bossier City, Louisiana, when he was stopped by a Louisiana State Police Trooper for a traffic violation. During the stop, Gurrola consented to a search of his vehicle and the officers found eight bundles in a hidden compartment of the vehicle.

---

[1] The citation "Record Document" refers to the documents filed under docket number 06-50007-01, although some of the same documents were filed under docket number 07-50082-01 relating to charges transferred from North Dakota.

These bundles contained 4,017 grams of cocaine hydrochloride and 4,984 grams of heroin. After the controlled substances were found, Gurrola cooperated and stated that he was transporting the drugs from Laredo, Texas, to the Queens area of New York, New York. Gurrola also indicated that he had participated in a conspiracy to transport controlled substances from Mexico and Texas to North Dakota. See Record Document 85.

**B.  Procedural Background.**

On January 26, 2006, a federal grand jury returned a two count indictment against Gurrola. He was charged in count one with possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1). Count two charged him with possession with intent to distribute one kilogram or more of a mixture or substance containing heroin in violation of 21 U.S.C. § 841(a)(1). See Record Document 1.

On February 21, 2006, Gurrola filed a motion to suppress evidence. See Record Document 15. This motion was denied on September 16, 2006. See Record Document 51. Thereafter, the government filed a Notice of Prior Narcotics Conviction pursuant to 21 U.S.C. § 851 alleging a prior felony drug conviction. See Record Document 72.

Pursuant to a written plea agreement, on September 28, 2007, Gurrola entered a plea of guilty to count two of the indictment. He also pled guilty to count one of an indictment filed in the District of North Dakota charging him with conspiracy to possess with intent to distribute various controlled substances including in excess of 500 grams of methamphetamine, in excess of 500 grams of cocaine, in excess of 100 grams of heroin, and in excess of 100 kilograms of marijuana. Gurrola reserved his right to appeal the denial of the motion to suppress. See Record Documents 84-87.

Gurrola filed pro se motions to withdraw his guilty plea on October 11, 2007, and November 27, 2007, which the court denied. See Record Documents 88-90 and 93. On January 25, 2008, Gurrola was sentenced to 240 months of imprisonment as to both counts, to run concurrently. See Record Documents 106-107. On January 31, 2008, Gurrola filed a motion to modify or reduce his sentence which this court denied. See Record Documents 104 and 108. On December 5, 2008, the United States Court of Appeals for the Fifth Circuit affirmed this court's denial of Gurrola's motion to suppress and affirmed Gurrola's conviction and sentence. See Record Document 122. Thereafter, Gurrola filed the instant motion, pro se. See Record Document 131.

## II. LAW AND ANALYSIS

A.  **Ineffective Assistance Of Counsel.**

Ineffective assistance of counsel claims may generally be heard under a section 2255 motion. See United States v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996). However, to prevail on a claim of ineffective assistance of counsel, Gurrola must prove that (1) his counsel's actions fell below an objective standard of reasonableness and (2) his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). The first prong of the Strickland analysis requires a showing by Gurrola that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. The Fifth Circuit has described this standard as requiring that counsel "research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful." United States v. Phillips, 210 F.3d 345, 348 (5th Cir. 2000) (quotations and citation omitted). In evaluating counsel's performance the court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. See Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. Gurrola may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id. at 690, 104 S. Ct. at 2066.

4

Under the second prong of the Strickland test, Gurrola must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. To satisfy the prejudicial prong of the Strickland test, Gurrola must establish that he would have received less time in prison. See United States v. Grammas, 376 F.3d 433, 438 (5th Cir. 2004).[2] If Gurrola fails to establish either prong of the Strickland test, then his claim of ineffective assistance of counsel must fail.

## B. Guilty Plea.

Gurrola first alleges that his counsel did not object to the court's decisions to deny his motions to withdraw his guilty plea. He alleges that his counsel failed to assist him in filing the proper motions to aid him in withdrawing the guilty plea.

Gurrola is unable to meet the first prong of Strickland because he failed to set

---

[2]Previously, the prejudice test for ineffectiveness relating to the amount of a sentence in the Fifth Circuit was whether, but for counsel's actions, there was a reasonable probability that defendant would have received a "significantly less harsh" sentence. The Supreme Court later determined in Glover v. United States, 531 U.S. 198, 203, 121 S. Ct. 696 (2001), that "any amount of actual jail time has Sixth Amendment significance." Thus, the Fifth Circuit now holds that "Glover abrogates the significantly less harsh test, and that any additional time in prison has constitutional significance." Grammas, 376 F.3d at 438.

forth evidence showing that his counsel's failure to aid him in his preparation of his motions to withdraw the guilty plea and to object to the court's denial of his motions were unreasonable. Gurrola contends that his counsel should have helped him file a motion to withdraw his guilty plea on the basis that he felt he had been misinformed. However, Gurrola has not alleged any factual basis for this allegation. During the guilty plea hearing, Gurrola indicated that he understood everything that had occurred during the hearing and had only one question regarding the sentencing for the North Dakota charges. See Record Document 149 at 22. Defense counsel cannot be faulted for failing to raise a baseless objection. See Sones v. Hargett, 61 F.3d 410, 415 n.5 (5th Cir. 1995) (holding that an attorney cannot be judged deficient for his failure to raise a "frivolous" issue); Murray v. Maggio, 736 F.2d 279, 283 (5th Cir. 1984) ("Counsel is not required to engage in the filing of futile motions").

Because this claim of ineffective assistance of counsel is in the context of a guilty plea, Gurrola must comply with Hill v. Lockhart's amendment to the Strickland criteria. He must prove prejudice by demonstrating that there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370

(1985). However, Gurrola has failed to meet this standard.³

Gurrola also alleges that his attorney was not prepared for trial and encouraged him to pled guilty. He claims the guilty plea should not be deemed as voluntarily made as he felt it was a product of "trickery."

Gurrola entered his plea of guilty to count two of the Louisiana indictment and count one of the North Dakota indictment on September 28, 2007. During the hearing, Gurrola indicated that his guilty plea was a free and voluntary act. See Record Document 149 at 10. Sworn statements in open court at guilty plea hearings "carry a strong presumption of verity." United States v. Palmer, 456 F.3d 484, 491 (5th Cir. 2006) (citations and quotations omitted); see also United States v. Adam, 296 F.3d 327, 333 (5th Cir. 2002); United States v. Abreo, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly). Gurrola's arguments in his motion are belied by the Rule 11 package presented during the hearing, signed by both Gurrola and his counsel, and by

---

³Furthermore, Gurrola failed to demonstrate a reasonable probability that but for his attorney's failure to file such motions, the result would have been different. See Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. During the sentencing, the court stated, "There was a motion before the Court for him to withdraw his guilty plea. I denied that motion, and I would deny it today." Record Document 150 at 7.

statements made during the guilty plea. The court and Gurrola had the following exchange regarding his guilty plea:

> Court: At a guilty plea, you don't have the right to remain silent.
>
> Gurrola: (Nods head up and down.)
>
> Court: If I ask you a question about all these narcotics, you're going to have to answer. Do you understand that?
>
> Gurrola: Yes, sir.
>
> Court: And you are willing to give up these constitutional rights I just described?
>
> Gurrola: Yes, sir.
>
> Court: Did anybody lean on you or use undue persuasion to cause you to come here to plead guilty?
>
> Gurrola: No, sir.
>
> Court: Did not?
>
> Gurrola: (Shakes head from side to side).
>
> Court: Shall I consider, Mr. Gurrola, that your guilty plea is your free and voluntary act?
>
> Gurrola: Yes, sir.

Id. at 9-10.

Also, at the sentencing hearing held on January 25, 2008, the court addressed this same allegation. Gurrola stated during the sentencing hearing that he had been

8

pressured to sign his Rule 11 package during the guilty plea hearing. At the sentencing, his attorney and the interpreter explained that the plea agreement had not been fully translated prior to the guilty plea hearing and that was the reason Gurrola signed the plea agreement at the guilty plea hearing instead of before at their previous meeting. The attorney and interpreter indicated that the extra pages of the plea agreement that Gurrola was concerned with were actually the pages from the North Dakota indictment that had not previously been translated. Nothing in the plea agreement had changed. See Record Document 150 at 4-6.

Despite his contentions, there is significant evidence to indicate that Gurrola was fully informed at the time of his plea. The plea agreement, signed by both Gurrola and his counsel, provided:

> This is the entire plea agreement between the United States Attorney's Office and the defendant and is entered into freely, knowingly and voluntarily, with no threats or coercion, after due consultation with counsel.

Record Document 85 at 4. The form entitled "Understanding Of Maximum Penalty And Constitutional Rights" signed by Gurrola and his counsel at the time of the guilty plea provided:

> I, the above named defendant, having been furnished a copy of the charge and having discussed same with my attorney, state that, I understand the nature of the charge against me and the maximum possible penalty that

9

> may be imposed against me as set forth in the Plea Agreement.
>
> . . .
>
> Aside from the language in the Plea Agreement, I further declare that my plea in this matter is free and voluntary and that it has been made without any threats or inducements whatsoever from anyone associated with the State or United States Government or my attorney and that the only reason I am pleading guilty is that I am in fact guilty as charged.

Id., Understanding of Maximum Penalty at 1-2.

In addition, before accepting Gurrola's plea, the court examined Gurrola as to the voluntariness of the plea. When asked whether he had found his lawyers' "legal advices to [him] to be satisfactory," Gurrola replied, "Yes, sir." Record Document 149 at 7. As previously mentioned, Gurrola averred that no one had "lean[ed] on" him or used "undue persuasion" to convince him to plead guilty. Id. at 9. Gurrola's allegation that his plea was a product of "trickery" is simply belied by statements he made in open court while under oath.

Gurrola is equally unable to demonstrate prejudice on this issue. Gurrola must again comply with Hill v. Lockhart's amendment to the Strickland criteria and prove prejudice by demonstrating that there is a "reasonable probability that, but for counsel's errors, he would not have [pled] guilty and would have insisted on going

10

to trial." Hill, 474 U.S. at 59, 106 S. Ct. at 370. However, Gurrola has failed to meet this standard. There is significant evidence to indicate that Gurrola was fully informed at the time of his plea. As mentioned, Gurrola signed the plea agreement which stated, in pertinent part, that it was "entered into freely, knowingly and voluntarily, with no threats or coercion, after due consultation with counsel." Record Document 85 at 4. Gurrola cannot show prejudice in light of his affirmative statements in court and the court's specific admonitions to him. At no point did Gurrola refuse to plead guilty or express any objection when faced with this information.

Gurrola has failed to overcome the presumption that his attorney's actions "are encompassed within the wide range of reasonable competence." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. He has failed to set forth any evidence to show that his attorney's performance was "outside the wide range of professionally competent assistance" or resulted in any prejudice to him. Id. at 690, 104 S. Ct. at 2066. Because Gurrola has failed to meet his burden of proof, his claims of ineffective assistance of counsel during the plea process must fail.

C.  **Failure To Investigate.**

Gurrola asserts that his attorney did not adequately investigate his case because he failed to properly investigate the chain of custody of the drugs seized during the

11

traffic stop. In Strickland, 466 U.S. at 691, 104 S. Ct. at 2066, the Supreme Court stated:

> [C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

"So long as counsel made an 'adequate investigation,' any strategic decisions made as a result of that investigation fall within the wide range of objectively reasonable professional assistance." Smith v. Cockrell, 311 F.3d 661, 668 (5th Cir. 2002) (citation omitted), overruled on other grounds by Tennard v. Dretke, 542 U.S. 274, 283, 124 S. Ct. 2562, 2569-2570 (2004). In this case, Gurrola points to nothing in the record to support his claim that an adequate investigation was not had and there is no indication that any investigation of the chain of custody would have affected his decision to plead guilty. However, even if his assertion is taken as true, Gurrola must still demonstrate that his counsel's alleged failure resulted in prejudice to him. See Lockhart v. McCotter, 782 F.2d 1275, 1282 (5th Cir. 1986). Gurrola has failed to do so. He has not pointed to any particular evidence or testimony which might have been gleaned from further investigation. Nor has he demonstrated that "there is a reasonable probability that, but for counsel's failure to investigate, the result of the

proceeding would have been different." <u>Murray v. Maggio</u>, 736 F.2d at 282.

Gurrola also asserts that his counsel was ineffective in not investigating whether one of the substances at issue was heroin. Gurrola contends that he never possessed heroin and that he only had cocaine at the time of the stop. However, the record indicates his attorney was successful in obtaining an order to have the seized substances independently analyzed and tested. <u>See</u> Record Document 21. Also, during the guilty plea hearing, Gurrola acknowledges that he possessed a controlled substance and that substance was heroin. The following exchange between the Court and Gurrola took place during the guilty plea hearing:

> Court: On this page it shows the four elements of the offense to possess with intent to distribute. The Government would have had to prove to the jury first that Enrique Gurrola knowingly possessed a controlled substance. Look at the first element.
>
> Second, that the substance was in fact heroin.
>
> . . .
>
> The officer who arrested you would come to the witness chair and he would hold up the bundles he found in that Ford Explorer.
>
> Do you agree that would be persuasive to evidence to a jury?
>
> Gurrola: Yes, I believe that they may believe it.

13

. . .

> Court: Fourth, that overall scope of the conspiracy was at least 500 grams of meth, 500 grams or more cocaine, 100 grams of heroin, and 100 kilos of marijuana.
>
> They could prove those, too, couldn't they, Mr. Gurrola?
>
> Gurrola: Yes, sir.

Record Document 149 at 15-16.

In order to succeed on these claims regarding deficient investigations, Gurrola must meet both prongs of the Strickland test, something on this record he cannot do. Gurrola cannot demonstrate that the failure to conduct any of the above investigations falls outside an objective standard of reasonableness, nor can he demonstrate that this alleged ineffective assistance prejudiced him. Therefore, Gurrola's claims that his attorney did not adequately investigate also fail.[4]

### III. CONCLUSION

For the above cited reasons, Gurrola's section 2255 motion is **DENIED.**

---

[4]Gurrola also asserts that his Sixth Amendment rights were violated when the court based his sentence on facts that were neither admitted nor proved to a jury beyond a reasonable doubt. Because Gurrola was sentenced under the advisory guidelines scheme mandated by United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), this court was "entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range." United States v. Whitfield, 590 F.3d 325, 367 (5th Cir. 2009). Thus, Gurrola's argument is foreclosed.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 18th day of June, 2012.

_____
JUDGE TOM STAGG